IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Glen Strickland, Jr., | ) Civil Action No. 9:18-819-BHH |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| Sgt. Creel, Sgt. Fish, Lt. Blackburn and Lt. Papella, | ) |
| Defendants. | ) |

Glen Strickland, Jr. ("Plaintiff"), proceeding *pro se*, brought this civil action pursuant to 42 U.S.C § 1983. (ECF. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Bristow Marchant, for pretrial handling. The matter is now before this Court for review of the second Report and Recommendation ("Report") issued by the Magistrate Judge on February 19, 2019. (ECF No. 58.) In his Report, the Magistrate Judge recommends that the pending motions to dismiss be granted, and that Defendants Creel, Fish, Blackburn and Pepella all be dismissed *without prejudice* as party Defendants in this case due to Plaintiff's failure to exhaust his administrative claims. (*Id.* at 9.) The Magistrate Judge further recommends that the remaining Defendants also be dismissed as party Defendants pursuant to Federal Rule of Civil Procedure 4(m), and the case be dismissed *in toto*. (*Id.*) On March 8, 2019, Plaintiff filed an objection. (ECF No. 60.) This matter is ripe for review and the Court now issues the following ruling.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff's objection states that he failed to file a grievance regarding certain actions by prison administrators. (*See* ECF No. 60.) Plaintiff requests that the Court not dismiss his complaint because he only now "learned the filing rules" and was distracted from "concentrating on the present issues" by alleged ongoing "officer/inmate harassment." (*Id.*) Suffice it say, the objection is general and conclusory, and does not direct the Court to a specific error in the Magistrate Judge's findings or recommendations.

After a careful review of Plaintiff's objection, the record, the applicable law, and the Report of the Magistrate Judge, the Court finds no error. Accordingly, the Court ACCEPTS and incorporates the Report (ECF No. 20) by reference into this Order. It is therefore ORDERED that the pending motions to dismiss are GRANTED, Defendants Creel, Fish, Blackburn and Pepella are all dismissed *without prejudice* for failure to exhaust administrative remedies. The remaining Defendants are dismissed for lack of proper service under Federal Rule of Civil Procedure 4(m), and this case is dismissed *in toto*.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

May 8, 2019
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.